United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal Case No. 22-20429-CR-Scola |
| ) | |
| Jose Escalona Mesa, Defendant. ) | |
| ) | |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Jose Escalona Mesa's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c). (ECF No. 326.) The Government has responded (ECF No. 329), and the time for Escalona Mesa to file a reply has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Escalona Mesa's motion to reduce sentence. (**ECF No. 326.**)

1. **Background**

On April 23, 2024, the Defendant Jose Escalona Mesa was sentenced to a term of imprisonment of 144 months after pleading guilty to (1) one count of conspiracy to possess with intent to distribute a mixture and substance containing more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846, and (2) one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Judgment, ECF No. 279.) The Sentencing Guidelines range was 262 to 327 months based upon an adjusted offense level of 31 with a criminal history category of VI.

Since Escalona Mesa's sentencing, the United States Sentencing Commission issued Amendment 821 which, as relevant here, allows for relief for zero-point offenders by providing for "a decrease of two levels from the offense level … for offenders who did not receive any criminal history points … and whose instant offense did not involve specified aggravating factors." U.S.S.G. § 4C1.1. This section of Amendment 821 is known as Part B.

Escalona Mesa now seeks compassionate release due to family circumstances, as well as retroactive application of Part B to the Court's judgment sentencing him to 144 months in prison. (*See generally* Mot.)

## 2. Legal Standard

Escalona Mesa seeks a reduction of his sentence under 18 U.S.C. §§ 3582(c)(1)(A) & (c)(2). Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of ... the defendant ... may reduce the term of imprisonment ..., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement refers to U.S.S.G. § 1B1.13, which states, in part, that a "court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021) (quoting § 1B1.13). Therefore, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Id.* "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237-38.

U.S.S.G. § 1B1.13 lists the "extraordinary and compelling reasons" that may warrant a sentence reduction. They include certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; whether the defendant was a victim of abuse while imprisoned; other similar reasons; and unusually long sentences. § 1B1.13 (b)(1)-(6).

Moreover, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Additionally, "a motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments

are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003)(cleaned up). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce the defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

### 3. Analysis

**A. Escalona Mesa Is Ineligible For Relief Under § 3582(c)(1)(A)**

The Court finds that Escalona Mesa is ineligible for a reduction in sentence under § 3582(c)(1)(A) because he has not shown that he exhausted his administrative remedies. Even if he had exhausted his administrative remedies, his motion would be denied for the reasons set forth below.

1. <u>Escalona Mesa Has Not Shown That He Has Exhausted His Administrative Remedies</u>

Escalona Mesa has not shown that he has exhausted his administrative remedies. Under § 3582(c)(1)(A), a defendant may bring a motion for sentence reduction only after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Here, there is no evidence that Escalona Mesa has taken any steps for administrative relief. As the Government notes, Escalona Mesa does not indicate in his motion whether he submitted a request for a sentence reduction to the warden of his facility. (Gov.'t's Resp., ECF No. 329.) Furthermore, the Bureau of Prisons does not have a record of any similar request made by Escalona Mesa. (*Id.*) Therefore, Escalona Mesa has not met his burden in showing that he exhausted his administrative remedies and his motion under § 3582(c)(1)(A) is denied.

2. Escalona Mesa Has Not Shown Extraordinary and Compelling Reasons for A Sentence Reduction

Even if Escalona Mesa had exhausted his administrative remedies, he has not shown that there are extraordinary and compelling reasons that merit a sentence reduction. Escalona Mesa's purported extraordinary and compelling reasons for a sentence reduction are family circumstances and his own health issues. The Court takes each of these in turn.

First, Escalona Mesa's family circumstances do not merit a sentence reduction under U.S.S.G. § 1B1.13(b)(3)(C). Section 1B1.13(b)(3)(C) states that family circumstances may constitute extraordinary and compelling reasons for a sentence reduction where there is "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."

Here, Escalona Mesa states that he is the "primary caregiver for his ailing mother" as well as the "sole caretaker for his children." (Mot., at 6.) However, Escalona Mesa's mother's condition was taken into consideration by the Court at the time of sentencing. At that time, Escalona Mesa's mother was in an assisted living facility, where she still resides. Furthermore, Escalona Mesa's sister lives in the same city as their mother. Therefore, Escalona Mesa would not "be the only available caregiver for" his mother even if she were incapacitated. *See* U.S.S.G. § 1B1.13(b)(3)(C). As for Escalona Mesa's children, their maternal grandmother retains full legal custody of them and Escalona Mesa offers no evidence to indicate he would be their sole caretaker. *See id.*

For these reasons, Escalona Mesa's family circumstances do not amount to extraordinary and compelling reasons for a sentence reduction.

Second, Escalona Mesa's medical circumstances likewise do not merit a sentence reduction. Under U.S.S.G. § 1B1.13(b)(1)(B), medical circumstances amount to extraordinary and compelling reasons for a sentence reduction where the prisoner is "experiencing deteriorating physical and mental health because of the aging process, that substantially diminish[es] his ability to provide self-care within the environment of a correctional facility."

Escalona Mesa is fifty-three years old and claims that he has high blood pressure, kidney stones, high cholesterol, and is at risk of losing one kidney. (Mot., at 6.) However, Escalona Mesa does not provide medical documentation to substantiate these conditions. (*See generally id.*) Even if he had provided documentation, the Court does not find that his alleged conditions are so severe as to diminish his ability "to provide self-care within the environment of [his] correctional facility." U.S.S.G. § 1B1.13(b)(1)(B). Therefore, Escalona Mesa has not established that his medical circumstances amount to extraordinary and compelling circumstances warranting a sentence reduction.

### B. The § 3553(a) Factors Weigh Against Relief

Even if Escalona Mesa had exhausted his administrative remedies and demonstrated extraordinary and compelling reasons for a sentence reduction, he has not shown that "the § 3553(a) sentencing factors favor" a reduction in his sentence and that "doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Tinker*, 14 F. 4th at 1237.

Escalona Mesa argues in his motion that the Court should reduce his sentence to avoid a sentencing disparity. (Mot., at 3, 5.)  Escalona Mesa asserts a difference in culpability between him and similarly sentenced co-defendants, which the Government denies. (Gov.'t's Resp., at 6). Regardless, § 3553(a)(6) aims to avoid sentencing disparities among similar defendants who "have been found guilty of similar conduct," rather than the disparity that Escalona Mesa references. Here, there is no evidence of a disparity between Escalona Mesa's sentence and that of similar defendants sentenced for similar conduct.

Furthermore, Escalona Mesa originally fell within criminal history category VI and has a permanent restraining order stemming from a domestic violence incident. Escalona Mesa also has prior convictions and a lack of community support should he be released from prison. The Court is unconvinced that Escalona Mesa would not be a danger to the community should his sentence be reduced.

Finally, Escalona Mesa's sentence of 144 months, of which he has served less than 25 percent, was a significant downward variance from his guideline range of 262 to 327 months. Further reduction in his sentence would neither promote respect for the law nor provide adequate deterrence.

Under these circumstances, the Court finds that the § 3553(a) factors weigh against relief.

### C. Escalona Mesa is Ineligible for a Sentence Reduction Under § 3582(c)(2)

The retroactive amendment that Escalona Mesa invokes here is Amendment 821 Part B–the adjustment for certain zero-point offenders that provides a reduction of two levels from a defendant's base offense level. (*See* Mot., at 6.) However, Escalona Mesa is ineligible for relief under Part B because he received six criminal history points, has a firearm conviction, and is not a zero-point offender. *See* U.S.S.G. § 4C1.1(a)(1). Therefore, Escalona Mesa's motion for a reduction of sentence under § 3582(c)(2) is denied.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Escalona Mesa's motion is **denied**. (**ECF No. 326.**)

**Done and ordered** in Miami, Florida on June 16, 2025.

_____
Robert N. Scola, Jr.
United States District Judge